# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DARLENE DONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | 1:09CV308 |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Darlene Donnell, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits and Supplemental Security Income under, respectively, Titles II and XVI of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

## Procedural History

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on October 31, 2005, alleging a disability onset date of September 24, 2004. Tr. 43, 46. The applications were denied initially and upon reconsideration. Tr. 32-33. Plaintiff requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). Present at the hearing, held on April 15, 2008, were Plaintiff, her attorney and a vocational expert ("VE"). Tr. 192.

By decision dated November 4, 2008, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.  Tr. 12.  On February 27, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, Tr. 5, thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

> 2.    The claimant has not engaged in substantial gainful activity since September 24, 2004, the alleged onset date.  (20 CFR 404.1571 *et seq.*).

> 3.    The claimant has the following severe impairments:    Bilateral Reflex Sympathetic Dystrophy of the Hands; Mild Foraminal Stenosis of the Cervical Spine.  (20 CFR 404.1521 *et seq.*).

Tr. 17.

> 4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

> 5.    After careful consideration of the entire record, the claimant has the residual functional capacity to perform a limited range of medium work as defined in 20 CFR 404.1567(c).  She has the ability to lift and carry up 25 pounds frequently and up to 50 pounds occasionally (from very little up to 1/3 of an 8 hour workday); she has no restrictions for sitting, standing or walking; she can perform pushing and pulling motions with her upper and lower extremities within the afore-mentioned weight restrictions; she can perform "<u>frequent but not constant</u>" activities requiring manual dexterity for both gross and fine manipulation with reaching and handling; she should avoid

concentrated exposure to extreme cold; she can perform each of the following postural activities without restriction: climbing (ramps/stairs), balancing, stooping, kneeling, crouching or crawling; she has no visual or communicative limitations. The claimant also retains the mental capacity to perform either semi-skilled or skilled work activity on a sustained basis.

Tr. 19 (emphasis in original).

    6.    The claimant is unable able to perform any past relevant work.

Tr. 21.

    7.    The claimant was born on March 7, 1957, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age categories to closely approaching advanced age. (20 CFR 404.1563).

    8.    The claimant has at least a high school education and is able to communicate in English. (20 CFR 404.1564).

    9.    The claimant has acquired work skills from past relevant work. (20 CFR 1568).

    10.    Considering the claimant's age, education, work experience and residual functional capacity ("RFC"), the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (20 CFR 404.1569, 404.1569a, and 404.1568(d)).

Tr. 22.

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from September 24, 2004, through the date of this decision. (20 CFR 404.1520(g)).

Tr. 23.

**Analysis**

In her brief before the court, Plaintiff's sole argument is that the ALJ erred in failing to consider evidence that "pursuant to advice from her treating neurologist, Plaintiff was required to daily use bilateral wrist splints on an ongoing basis." Docket No. 8, Pl's Br. Supp. Mot. for Summ. J., at 6. Consequently, Plaintiff argues, the ALJ failed to consider whether the use of the wrist splints would limit Plaintiff's ability to engage in frequent but not constant handling. Id. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff is not disabled.

Scope of Review

The Act provides that, for "eligible"[1] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration ("SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions (the "sequential evaluation process"). An examiner must determine whether the claimant (1) is engaged in

---

[1] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1), and for SSI at 42 U.S.C. § 1382(a).

substantial gainful activity, (2) has a severe impairment, (3) has an impairment which

equals an illness contained in the Act's listing of impairments, (4) has an impairment

which prevents past relevant work, and (5) has an impairment which prevents him

from doing any other work.  20 C.F.R. §§ 404.1520, 416.920.

The scope of judicial review by the federal courts in disability cases is narrowly

tailored to determine whether the findings of the Commissioner are supported by

substantial evidence and whether the correct law was applied.  Richardson v.

Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.

2005).  Consequently, the Act precludes a *de novo* review of the evidence and

requires the court to uphold the Commissioner's decision as long as it is supported

by substantial evidence.  See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)

(citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)).  Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support
> a particular conclusion.  It consists of more than a mere scintilla of
> evidence but may be somewhat less than a preponderance.  If there is
> evidence to justify a refusal to direct a verdict were the case before a
> jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze,

368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to

assure that there is a sound foundation for the Commissioner's findings, and that this

conclusion is rational.  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).

If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

RFC

A claimant's RFC represents her ability to perform work-related activities on a regular and continuing basis. See Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims ("SSR 96-8p"). Plaintiff bears the burden of establishing her impairments and the resulting limitations on her ability to perform work. See 20 C.F.R. 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]."); Jordan v. Commissioner, 548 F.3d 417, 423 (6th Cir. 2008) (claimant retains the burden of proving her lack of RFC); Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) ("A disability claimant has the burden to establish her RFC.").

Based on the record as a whole, the court finds that there is substantial evidence to support the ALJ's RFC assessment. The medical record indicates that in 2004, following complaints of pain and numbness in her left hand, Plaintiff was prescribed a cock-up wrist splint.[2] Tr. 109. She wore this splint primarily at night.

---

[2] A splint is a device that immobilizes a joint and prevents it from bending. A cock-up splint holds the wrist in a slightly extended position, that is, bent slightly upwards. How is CTS Treated?, eHealthMD.com, http://www.ehealthmd.com/library/carpaltunnel/CT_treatment.html (last visited September 14, 2010).

Tr. 138.  In 2005, Plaintiff complained of pain in her wrists, but on examination, the pain "seem[ed] to come-and-go a bit" and both grip and meaningful movements improved when Plaintiff was distracted.  Tr. 94.  Plaintiff's wrist had normal stability, there was no obvious motor abnormality or evidence of significant peripheral nerve compression, and x-rays were normal.  Tr. 94-95.  MRIs of Plaintiff's wrists were unremarkable, and showed no cause of significant wrist pain or cold sensitivity.  Tr. 91-92.  Plaintiff, however, continued to complain of pain; in October and November 2005, bilateral resting hand splints were fabricated for Plaintiff.  These splints were to be worn at night, Tr. 122; this instruction was reiterated to Plaintiff.  Tr. 112.  By February 2006, Plaintiff reported that she was able to extend her fingers, but that she only wore her splints every couple of days.  Tr. 152.  Despite advice to continue wearing her splints on a daily basis, Tr. 152, Plaintiff testified at the administrative hearing that she no longer used her splints at all.  Tr. 210.

Despite her own testimony that she no longer wears her prescribed splints, Plaintiff now argues that the ALJ erred by failing to consider to what extent wrist splints would limit Plaintiff's ability to work with her hands.  Docket No. 8 at 6.  The evidence indicates that Plaintiff was to wear her splints at night and not during working hours.  In any event, at least since April 2008, she has not worn them at all. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is able to engage in "frequent but not constant" handling.

**<u>Conclusion and Recommendation</u>**

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence, and the correct legal principles were applied.  Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **AFFIRMED**.  To this extent, Plaintiff's motion for summary judgment (docket no. 7) seeking a reversal of the Commissioner's decision should be **DENIED**,  Defendant's motion for judgment on the pleadings (docket no. 10) should be **GRANTED**, and this action should be **DISMISSED** with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 5, 2010